Collins O. NYABWA, Petitioner–
Appellant

v.

William STEPHENS, Director, Texas
Department of Criminal Justice, Cor-
rectional Institutions Division, Re-
spondent–Appellee.

No. 12–20682
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 20, 2013.

Collins O. Nyabwa, Houston, TX, pro se.

Before JONES, DENNIS, and
HAYNES, Circuit Judges.

PER CURIAM: *

Collins O. Nyabwa, former Texas prison-
er # 1729106, pleaded guilty to three
counts of improper photography and was
sentenced to concurrent terms of one year
of imprisonment. He moves for a certifi-
cate of appealability (COA) to challenge
the dismissal of his 28 U.S.C. § 2254 peti-
tion.

A COA may issue only if Nyabwa has
"made a substantial showing of the denial
of a constitutional right." 28 U.S.C.
§ 2253(c)(2). When, as herein, the district
court's denial of § 2254 relief is based on
procedural grounds, "a COA should issue
when the prisoner shows, at least, that
jurists of reason would find it debatable

whether the petition states a valid claim of
the denial of a constitutional right and that
jurists of reason would find it debatable
whether the district court was correct in
its procedural ruling." *Slack v. McDaniel,*
529 U.S. 473, 484, 120 S.Ct. 1595, 146
L.Ed.2d 542 (2000).

Habeas applicants are required to ex-
haust state remedies before proceeding in
federal court unless "there is an absence of
available State corrective process" or "cir-
cumstances exist that render such process
ineffective." *See* § 2254(b)(1). "The ex-
haustion requirement is satisfied when the
substance of the federal habeas claim has
been fairly presented to the highest state
court." *Morris v. Dretke,* 413 F.3d 484,
491 (5th Cir.2005) (internal quotation
marks and citation omitted). The record
reflects that Nyabwa satisfied the exhaus-
tion requirement. *See Sharpe v. Buchan-
an,* 317 U.S. 238, 238–39, 63 S.Ct. 245, 87
L.Ed. 238 (1942); *Bufalino v. Reno,* 613
F.2d 568, 571 (5th Cir.1980); *McDaniel v.
Sheriff of Dallas County,* 445 F.2d 851, 852
(5th Cir.1971); *see also Shute v. State of
Tex.,* 117 F.3d 233, 238 (5th Cir.1997).

Further, "the district court pleadings,
the record, and the COA application dem-
onstrate that reasonable jurists could de-
bate whether [Nyabwa] has made a valid
claim of a constitutional deprivation."
*Houser v. Dretke,* 395 F.3d 560, 562 (5th
Cir.2004). We express no view on the
validity of Nyabwa's claim, the accuracy of
his factual allegations, or the ultimate res-
olution of Nyabwa's habeas petition.

A COA is GRANTED on the exhaustion
issue. No further briefing is required. IT
IS ORDERED that the judgment is VA-
CATED, and this case is REMANDED to
the district court for further proceedings.

*See Houser*, 395 F.3d at 562; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir.1998). Nyabwa's motion for the appointment of counsel, is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.